(89 South. 828)

### HART v. STATE.  (4 Div. 678.)

(Court of Appeals of Alabama. June 21, 1921. Rehearing Denied July 19, 1921.)

Criminal law ⬤�covering789(4)—Instruction held not erroneous as failing to require proof beyond reasonable doubt.

In prosecution for having intoxicating liquors in possession, an instruction, "If he did have, and you are satisfied beyond a reasonable doubt of that fact, it is your conviction and judgment, based upon the testimony in the case, that he did have such spirituous or alcoholic liquors on that occasion in his possession, in that event your verdict would be guilty," held not erroneous as authorizing conviction without proof of guilt beyond reasonable doubt.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Tom Hart was convicted of violating the prohibition law, and appeals. Affirmed.

Farmer, Merrill & Farmer, of Dothan, for appellant.

A mere belief is not sufficient, and therefore the court was in error in that portion of the charge excepted to. 160 Ala. 118, 49 South. 680; 97 Ala. 59, 12 South. 416, 15 South. 242; 99 Ala. 148, 13 South. 550; 99 Ala. 166, 13 South. 767; 99 Ala. 179, 13 South. 689; 100 Ala. 129, 14 South. 538; 104 Ala. 4, 16 South. 150; 104 Ala. 35, 16 South. 85, 53 Am. St. Rep. 17; 106 Ala. 12, 17 South. 333; 100 Ala. 119, 14 South. 853.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MERRITT, J. The appellant was convicted under an indictment which charges that he did possess, or have in possession alcoholic or spirituous liquors. The only question presented is appellant's objection and exception to the following part of the court's oral charge:

"If he did have, and you are satisfied beyond a reasonable doubt of that fact, it is your conviction and judgment based upon the testimony in the case, that he did have such spirituous or alcoholic liquors on that occasion in his possession, in that event your verdict would be guilty."

This part of the charge, taken with the charge as a whole, clearly instructs the jury that, before they would be warranted in returning a verdict of guilty, they must believe from the evidence beyond a reasonable doubt that the defendant is guilty. The charge is not open to the criticism that the judgment and conviction of the jury may be reached without believing from the evidence the defendant guilty beyond a reasonable doubt. If the defendant had possession of the prohibited liquors, and the jury believed this fact, from the evidence beyond a reasonable doubt, it must follow as the night follows the day that it was their judgment, their conviction, that such was the fact, and the charge does no more, in effect, than to so state.

There is no error in the record, and the judgment appealed from must be affirmed.

Affirmed.